UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROCIO CORDOVA,

    Plaintiff,

v.

GREYHOUND LINES, INC,

    Defendant.

Case No. 19-cv-00442-PJH

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 15

Before the court is plaintiff Rocio Cordova's motion to remand this action to Alameda County Superior Court. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for April 17, 2019, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion, for the following reasons.

## BACKGROUND

**A.    Factual Background**

This is a putative class action against defendant Greyhound Lines, Inc. ("Greyhound"). Generally, the First Amended Complaint (the "FAC") alleges that Greyhound is a private bus company that operates throughout California that "holds itself out as having a zero-tolerance policy for discrimination aboard buses and promotes itself as Latino friendly." FAC ¶¶ 1-2. According to the FAC, despite Greyhound's representations, Greyhound has a "policy or practice of voluntarily subjecting its predominately low-income, non-white passengers to immigration raids in the non-public, restricted-access passenger cabins of buses and private bus station facilities." FAC ¶ 3.

1 Greyhound allegedly knows that those "raids routinely involve racial and ethnic
2 harassment of its passengers, and worse." Id. ¶ 5. Plaintiff alleges that Greyhound's
3 conduct violates certain California advertising and discrimination-related laws.

**B.      Procedural Background**

Plaintiff filed her original complaint on November 8, 2018, in the Alameda County Superior Court. In response to defendant's demurrer, plaintiff filed her FAC on January 18, 2019.

The FAC, like the original complaint, alleges violations of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. (the "CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. (the "UCL"), and California's Unruh Civil Rights Act, Cal. Civ. Code § 51(b) (the "UCRA"). Similar to the original complaint, the FAC is brought "on behalf of all California consumers who, since January 20, 2017, have purchased a Greyhound bus ticket . . . including a subclass of Latino and non-white California consumers[.]" FAC ¶ 79. And, again like plaintiff's original complaint, the FAC seeks only declaratory relief, public injunctive relief, attorneys' fees, and any other equitable relief the court deems proper. FAC at 33-34. Neither the original complaint nor the FAC seeks money damages.

Unlike the original complaint, however, the FAC includes a number of similarly phrased reservations of rights: "Plaintiff reserves the right to bring an action for damages on behalf of herself and/or others similarly situated to her. Nothing in this Complaint should be construed as waiving or precluding any claim for damages or any other relief not sought herein by Plaintiff or any other Greyhound passenger." FAC ¶ 17 n.1 (the "Reservation of Rights" or "Reservation"); see also FAC ¶ 80 n.3.

Based on that Reservation of Rights, Greyhound removed this action on January 25, 2019, under the Class Action Fairness Act, 28 U.S.C. § 1453 ("CAFA"). Defendant's notice of removal contends that the Reservation of Rights put money damages at issue and that those damages exceed CAFA's $5 million amount-in-controversy jurisdictional requirement. On February 25, 2019, plaintiff timely moved to remand.

**DISCUSSION**

**A.   Legal Standard**

"To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.' " Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). "When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met." Id. "CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." Id. at 552 (quoting § 1332(d)(2), (5)(B)). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.' " Id. at 551 (quoting 28 U.S.C. § 1446(c)(2)). "When plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." Id.

"If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." Id. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B); alterations in original). "[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554. And "no antiremoval presumption attends" that decision. Id.

"Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1198 (9th Cir. 2015). While "a damages assessment may require a chain of reasoning that includes assumptions[,] . . . those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." Id. at

3

1199. "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Id. at 1197.

Here, the parties only contest whether defendant has shown that the amount in controversy exceeds CAFA's jurisdictional minimum of $5 million.

**B.     Analysis**

   **1.     Defendant's Removal Was Untimely.**

Section 1446 requires a defendant to file a notice of removal within 30 days of receiving, through service or otherwise, a copy of the complaint. 28 U.S.C. § 1446(b)(1). If the "case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after" defendant's receipt of "an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b)(3).

Defendant does not dispute that its removal occurred more than 30 days after it received the original complaint. Instead, as noted, defendant argues that the FAC's Reservation put damages at issue for the first time. According to defendant, those damages exceed $5 million because a plaintiff must seek all remedies available to putative class members, which in this case includes statutory damages under the UCRA and the CLRA.

That argument fails to show that the FAC reset the 30-day removal period. Critically, the elements of the FAC that defendant invokes to support its removal were present at the time plaintiff filed her original complaint, over 60 days before defendant's removal. First, contrary to defendant's assertion, the FAC's Reservation of Rights does not put damages at issue. It merely reserves the right to put damages at issue in the future. Thus, "[t]he 'reservation of rights' language used by the Plaintiff[ ] states nothing more than what Plaintiff[ ] would already have the right to do"—amend her complaint to seek damages. Jones v. ADT Sec. Servs., Inc., No. CV 11-7750 PSG JCGX, 2012 WL 12744, at *2 (C.D. Cal. Jan. 3, 2012). That is a right plaintiff retained at the time she filed her original complaint. And that right does not prejudice defendant because if plaintiff

4

later chooses to seek damages, the 30-day removal period would reset. Id. at *3.

Second, defendant's statutory damages-related removal argument is also based on allegations in the FAC that remain substantively unchanged from the original complaint. Both complaints were brought on behalf of similar putative classes. Compare Dkt. 1-1, Ex. A ¶ 37 with FAC ¶ 79. Both complaints asserted CLRA and UCRA causes of action. Compare Dkt. 1-1, Ex. A ¶¶ 48-63 with FAC ¶¶ 97-124. And both complaints sought the same remedies—remedies that do not include damages. Compare Dkt. 1-1, Ex. A at 18 with FAC at 33-34. Thus, whatever the merits of that basis for removal, that basis was available at the time the original complaint was filed. The FAC, therefore, did not for the first time make the action removable on that basis. See 28 U.S.C. § 1446(b)(3).

Accordingly, because the FAC does not provide any basis for removal not present at the time plaintiff filed her original complaint, defendant's removal more than 60 days thereafter was untimely under § 1446(b).

### 2. Defendant Has Not Shown That The Amount In Controversy Exceeds $5 Million.

Even if defendant had timely removed this action to federal court and even if the FAC put class-based monetary damages at issue, defendant's removal would fail on the merits because defendant has not shown by a preponderance of the evidence that the FAC puts $5 million in controversy. Defendant attempts to satisfy CAFA's amount-in-controversy requirement based on (1) the FAC's Reservation; (2) the amount of plaintiff's attorneys' fees if she prevails; and (3) the amount of statutory damages plaintiff's UCRA and CLRA causes of action purportedly put in controversy. Each of those bases fail.

First, for the reasons discussed above, the FAC's "'reservation of rights' does not add anything material to the complaint[.]" Jones, 2012 WL 12744, at *2. Because it does not put damages at issue, the Reservation of Rights certainly provides no support for any specific amount of damages.

Second, defendant argues that plaintiff's request for attorneys' fees puts $3 million

5

in controversy.  True, "the amount in controversy is the amount at stake in the underlying litigation[,]" which includes pre-removal and "future attorneys' fees recoverable by statute or contract[.]"  Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 793-94 (9th Cir. 2018) (internal quotation marks omitted).  However, as with other aspects of the amount-in-controversy inquiry, defendant must prove the asserted attorneys' fees by a preponderance of the evidence, using "summary-judgment-type evidence."  Id. at 795.  Defendant fails to meet that requirement here.  Defendant has presented no evidence about how plaintiff's counsel's purported "substantial" pre-filing investigation translates into a specific number of billable hours.  Nor has defendant presented any evidence about plaintiff's counsel's hourly rate or any other applicable hourly rate.  For the same reason, defendant's reliance on the attorneys' fees award in Benson v. Kwikset Corp., 152 Cal. App. 4th 1254 (2007), is misplaced.  Defendant has presented no evidence that this action will resemble Benson—a case that lasted seven years, including numerous appeals and a trial.  Benson, 152 Cal. App. 4th at 1262-63.

Third, defendant has not made a non-speculative showing about the amount of statutory damages put in controversy by the FAC.  On this point, defendant contends that there are thousands of class members and that the UCRA and CLRA claims together put $5,000 in statutory damages at issue per class member.  See Cal. Civ. Code § 52(a) ($4,000); Cal. Civ. Code § 1780(a)(1) ($1,000).  That argument fails on both fronts.

As an initial matter, defendant has provided no evidence about how many class members have been subject to a violation of the UCRA or the CLRA.  On that point, defendant relies solely upon paragraph four of the FAC.  As relevant here, that paragraph states: "As the largest private intercity bus company in California, Greyhound's policy means that thousands of, if not more, consumers are subjected to predatory and discriminatory practices on an ongoing basis."  FAC ¶ 4.  But that does not sufficiently allege that there are thousands of class members, much less allege that each of those class members experienced both a UCRA and a CLRA violation.  See Garcia v. Lifetime Brands, Inc., No. EDCV 15-1924-JLS (SPx), 2016 WL 81473, *3 (C.D. Cal. Jan. 7, 2016)

(rejecting defendant's 100% violation rate assumption that was based on complaint alleging a "uniform policy and systematic scheme"); Garay v. Sw. Airlines Co., No. 18-CV-07538-PJH, 2019 WL 967121, at *2-3 (N.D. Cal. Feb. 28, 2019) (similar; discussing and collecting cases). Nor do plaintiff's UCRA and CLRA causes of action allege that each class member was subjected to at least one violation. See FAC ¶¶ 97-124.

Relatedly, the plain language of the CLRA suggests that the $1,000 statutory damages amount is per class action not per class member: "Any consumer who suffers any damage as a result of . . . [a] § 1770 [violation] may bring an action . . . to recover . . . (1) Actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000)." Cal. Civ. Code § 1780(a)(1). "That language sets the minimum for a total award of damages in a class action at $1,000; it does not provide for an automatic award of $1,000 per individual class member." Jones v. ConAgra Foods, Inc., No. C 12-01633 CRB, 2014 WL 2702726, at *23 (N.D. Cal. June 13, 2014). And the FAC's UCRA cause of action—which according to the defendant puts in controversy $4,000 per class member—is premised on Greyhound's policies that allegedly allow the CBP to target "Latino and non-white" putative class members. FAC ¶¶ 79, 116-24; Cal. Civ. Code § 52(a). Defendant has presented no evidence quantifying that subset of the putative class.

In sum, even if the court believed that the FAC put damages at issue—and it does not—defendant has presented nothing but speculation regarding the amount of damages at issue. Ibarra, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."). For this alternative reason, this action must be remanded to the Alameda County Superior Court.

**CONCLUSION**

For the foregoing reasons, the court finds that defendant's removal was untimely under § 1446(b) and finds that defendant has not met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5 million. Accordingly, the court GRANTS plaintiff's motion and REMANDS the action to Alameda

7

County Superior Court.  As this court lacks subject matter jurisdiction, defendant's pending motion to dismiss the FAC, see Dkt. 12, is DENIED as moot.

**IT IS SO ORDERED.**

Dated: March 28, 2019

PHYLLIS J. HAMILTON
United States District Judge